IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL WIMBERLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-00202-NJR |
| | ) |
| WEXFORD HEALTH SOURCES INC., | ) |
| TROST, | ) |
| JOHN DOE #1, | ) |
| KIMBERLY BUTLER, | ) |
| SALVADOR GODINEZ, | ) |
| GLADYSE TAYLOR, | ) |
| JOHN DOE #2, | ) |
| GAIL WALLS, | ) |
| K. ALLSUP, | ) |
| LORI OAKLEY, | ) |
| SHERRY BENTON, and | ) |
| ILLINOIS DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Darrell Wimberly is currently incarcerated at Menard Correctional Center ("Menard"). Proceeding *pro se*, Wimberly has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against several prison officials, the Illinois Department of Corrections ("IDOC"), and Wexford Health Sources Inc. ("Wexford"), Menard's healthcare provider. He seeks monetary and specific relief. (Doc. 1-1 at 8.)

This matter is now before the Court for a preliminary review of Wimberly's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

Wimberly's complaint alleges the following facts. He has suffered pain in his mouth due to cavities since mid-2014. In June or July 2014, he was seen by Defendant John Doe #1, the prison dentist. He told the dentist that the pain in his mouth made it difficult to eat and sleep and that he was suffering from migraines. The dentist told Wimberly that he had multiple cavities, but that they would have to be filled at two different times (and that he would be charged a $5 copayment for each procedure). His first set of cavities was filled, and he was given Ibuprofen in the meantime to ease his pain (although he states that the Ibuprofen was ineffective). Wimberly complains that his second appointment has been scheduled and re-scheduled twice, once due to a lockdown, and the other time due to a lack of security staff, but that he has yet to be seen by a dentist to have his second set of cavities filled. He has continued to experience intense pain in his mouth, and he has developed an infection.

Wimberly sent many letters and filed many grievances to prison officials, notifying them of the pain in his mouth and that his second set of cavities has not yet been filled. He sent three letters to John Doe #1 to this effect on August 16, 2014, September 8, 2014, and December 3, 2014. The dentist did not respond to his letters. Wimberly then sent Defendant Warden Kimberly Butler three letters informing her of his condition and predicament on December 3, 2014, January 18, 2015, and March 1, 2015. Butler did not respond to his letters, so on March 6, 2015, he filed an emergency grievance. Butler likewise did not respond to the grievance or to two follow-up letters sent on March 17 and 30.

On April 3, 2015, Wimberly sent to then-Director of IDOC Defendant Godinez a copy of his emergency grievance and a letter explaining that he had not received a response from Warden Butler as to his letters and grievance. Godinez did not respond to the letter or to a follow-up letter Wimberly sent on April 30. Frustrated, between November 2014 and October 2015, Wimberly sent ten letters to Defendant Dr. Trost (the medical director) and ten letters to Defendant Gail Walls (a health care unit administrator). Neither defendant responded to him.

Still suffering from pain, Wimberly filed three more grievances. Only one such grievance, filed with Defendant Counselor Allsup on March 9, 2015, received a response. Allsup's response, Wimberly complains, contained false information. Specifically, it stated that two of his teeth were filled on March 7, 2015, and that the date for his final filling, which had been rescheduled twice in April 2015 due to a lockdown and lack of security staff, was set for May 22, 2015. Wimberly states that the two teeth Allsup mentioned in her response had not been filled on March 7, and that there was no appointment scheduled for May 22.

Wimberly filed a grievance with Defendant Grievance Officer Oakley. Oakley responded that his grievance was moot because he was scheduled to see the dentist for his filling in the near future. She also stated that appointments to see the dentist are dependent on whether or not there is a lockdown.

Wimberly was never called for an appointment with the dentist, so on August 21, 2015, he wrote a letter to each of Defendants Oakley, Walls, Trost, and John Doe #1, complaining about his predicament. None of the recipients responded.

Wimberly also alleges that Wexford has a policy of only providing generic painkillers to prisoners, and that the corporation has adopted IDOC and Menard's policy of denying access to health care to inmates by canceling call passes during lockdowns.

## Discussion

To facilitate the management of future proceedings, and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to break the claims in Wimberly's *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** John Doe #1, Butler, Godinez, Trost, Walls, Allsup, Oakley, IDOC, and Wexford violated Wimberly's Eighth Amendment rights by acting with deliberate indifference to his serious oral health issues.
>
> **COUNT 2:** John Doe #1, Butler, Godinez, Trost, Walls, Allsup, Oakley, IDOC, and Wexford are liable for the tort of intentional inflection of emotional distress.
>
> **COUNT 3:** Wexford, Trost, John Doe #1, Butler, Godinez, Taylor, John Doe #2, and IDOC violated Wimberly's Eighth Amendment rights because Menard is overcrowded, there are too few dentists on staff, and many pieces of equipment are inoperable or otherwise unavailable.

*Count 1—Deliberate Indifference*

The Eighth Amendment protects prisoners from cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (per curiam). This principle applies to dental care. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013).

To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite—deliberate indifference—intent towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). The complaint alleges an objectively serious medical condition: Wimberly has

experienced persistent and intense pain in his mouth for over a year and has a developed an infection due his unfilled cavities. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) ("[T]he presence of a medical condition that significantly affects an individual's daily activities . . . or the existence of chronic and substantial pain" indicate the presence of a serious medical condition.) (internal quotation marks and citations omitted). Wimberly's claim also passes the subjective hurdle—allegations of a failure to treat in the face of an objectively serious medical condition can constitute indifference, depending on the circumstances. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010). Further, a prisoner's correspondence to prison supervisors may "establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). Count 1, therefore, shall proceed against Defendants John Doe #1, Butler, Godinez, Trost, Walls, Allsup, and Oakley so that further fact finding may be conducted.

**Count 1** may also proceed against Wexford. Wexford is a corporate entity and is therefore treated as a municipality for purposes of § 1983 liability. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Wimberly implicates Wexford in, as a matter of policy, only distributing generic painkillers even if they are ineffective, and denying health care during lockdowns by cancelling call passes. Wimberly also alleges that these policies caused his alleged unconstitutional injuries.

Wimberly has implicated IDOC in instituting a policy of denying health care during lockdowns. However, **Count 1** may not proceed against IDOC, because it is a state agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir.1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

That said, Wimberly has listed the current Director of IDOC as a defendant in this case (Defendant John Doe #2). Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, Wimberly may proceed on **Count 1** for relief against Defendant John Doe #2 in both his individual capacity and his official capacity as Director of IDOC.

Finally, the statement of claim does not mention Defendant Sherry Benton. Wimberly listed her in the case caption but nowhere in the body of the complaint. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Black v. Lane*, 22 F.3d 1395, 1401 and n. 8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is

required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against that defendant. Under the circumstances, **Count 1** shall be dismissed against Defendant Benton without prejudice.

*Count 2—Intentional Infliction of Emotional Distress*

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho–Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.,* 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.,* 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey,* 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be

considered intolerable in a civilized community." *Honaker v. Smith,* 256 F.3d 477, 490 (7th Cir. 2001) (citing *Kolegas v. Heftel Broad. Corp.,* 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.,* 610 N.E.2d 745, 749 (Ill. App. 1993)). Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case. *Honaker,* 256 F.3d at 490.

Here, Wimberly has not alleged that any of the defendants intended to inflict him with severe emotional distress or that there was a high probability that their conduct would inflict severe emotional distress. Therefore, **Count 2** is dismissed without prejudice.

*Count 3—Conditions of Confinement*

Wimberly's Eighth Amendment claim for unconstitutional conditions of confinement (**Count 3**) arises from inadequate dental equipment and the small number of dentists on staff to serve the overcrowded prison. Relevant to this claim, the Eighth Amendment's prohibition against cruel and unusual punishment has been used as a means of prohibiting prison conditions that are constitutionally unacceptable. *See, e.g.*, *Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).

In cases challenging the conditions of confinement in prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishment clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind. *Id.*

Wimberly claims that the Eighth Amendment violations associated with his lack of dental care are due to the fact that only three prison dentists are on staff in a prison that houses over

3,500 inmates, and that many pieces of dental equipment are inoperable or otherwise unavailable. He has failed, however, to point to any conduct of the defendants approving or condoning any policy that promoted overcrowding or understaffing of dentists, or the unavailability of certain items of equipment. Therefore, **Count 3** is dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against **JOHN DOE #1**, **BUTLER**, **GODINEZ**, **TROST**, **WALLS**, **ALLSUP**, **OAKLEY**, **JOHN DOE #2**, and **WEXFORD**. **COUNT 1** is **DISMISSED with prejudice** as to **IDOC**.

**IT IS FURTHER ORDERED** that **COUNTS 2** and **3** are **DISMISSED without prejudice**. Defendant **TAYLOR** is dismissed from this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **JOHN DOE #1**, **BUTLER**, **GODINEZ**, **TROST**, **WALLS**, **ALLSUP**, **OAKLEY**, **JOHN DOE #2**, and **WEXFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting

service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including as to Plaintiff's motion to appoint counsel (Doc. 2), motion to compel Menard to send updated trust fund audit and IFP form with affidavit to proceed (Doc. 4), and motion to proceed *in forma pauperis* (Doc. 5).

Further, this entire matter is **REFERRED** to a United States. Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this action without being required to prepay fees and costs, the applicant and his or

her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**DATED: March 21, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**