IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL WIMBERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-202-NJR-DGW |
| ) | |
| WEXFORD HEALTH SOURCES, INC.,) TROST, JOHN DOE # 1, KIMBERLY) BUTLER, SALVADOR GODINEZ, JOHN) DOE #2, GAIL WALLS, K. ALLSUP, and) LORI OAKLEY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Compel filed by Plaintiff, Darrell Wimberly, on August 18, 2016 (Doc. 49) and the Motion for Permission to Depose Defendants filed by Plaintiff on August 18, 2016 (Doc. 50).

The Motion to Compel is **DENIED**. Plaintiff states that he has attempted to discover the names of John Does 1 and 2 by sending letters to his counselor, case workers, supervisors, and other Menard employees, including some of Defendants. Missing from Plaintiff's motion is any indication that he complied with the directions outlined in the Scheduling Order (Doc. 33). Namely, Plaintiff was instructed to serve upon Defendants' counsels, descriptive information about the John Doe Defendants ("If Plaintiff has sued any "John Does," any information Plaintiff possesses which will help identify the John Doe defendants, including but not limited to: physical descriptions, specific job assignments, partial names/nicknames, and locations and dates where plaintiff interacted with the John Does.") (Doc. 33, p. 2). Plaintiff should follow the Court's instructions and send to Defendants' counsels the descriptive information and any additional

information that would aid in the identification of the John Doe Defendants. If Plaintiff does not receive information as to the names of these persons, he may refile this motion provided he attach the information that he provided to Defendants' counsels, and responses, if any.

The Motion for Permission to Depose Defendants is **MOOT**. Plaintiff does not require the Court's permission to depose a party to this lawsuit. Rather, he must follow the procedures outlined in Federal Rule of Civil Procedure 30 – most notably, he should issue a notice of deposition and secure the services of a court reporter. The Court is mindful that Plaintiff is incarcerated. If and when Plaintiff is able to schedule and pay for a court reporter, he may refile this motion for assistance in conducting the deposition via video-conference and using Court facilities.

**IT IS SO ORDERED.**

**DATED: August 23, 2016**

							**DONALD G. WILKERSON**
							**United States Magistrate Judge**