IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRELL WIMBERLY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-CV-202-NJR-DGW |
| ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **TROST, DR. STROW, KIMBERLY** ) | |
| **BUTLER, SALVADOR GODINEZ,** ) | |
| **GAIL WALLS, K. ALLSUP, and LORI** ) | |
| **OAKLEY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald. G. Wilkerson (Doc. 64), which recommends that this Court grant in part and deny in part the Motion for Summary Judgment filed by Defendants Kimberly Butler, Salvador Godinez, Gail Walls, K. Allsup, and Lori Oakley (Doc. 38) and grant in part and deny in part the Motion for Summary Judgment filed by John Trost, M.D. and Wexford Health Sources, Inc. (Doc. 41).[1] The Report and Recommendation was entered on November 2, 2016. No objections were filed.

Plaintiff Darrell Wimberly filed this case on February 25, 2016, asserting that Defendants violated his constitutional rights while he was incarcerated at Menard Correctional Center. Plaintiff is proceeding on one count of deliberate indifference

---

[1] The Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate names of the following defendants: "Trost" should be "John Trost, M.D," and "Dr. Strow" should be "Dr. Wallace Strow."

Page 1 of 3

relating to his serious oral health issues, in violation of the Eighth Amendment, against all Defendants.

Defendants Butler, Godinez, Walls, Allsup, Oakley, Wexford, and Trost have filed Motions for Summary Judgment (Docs. 38, 41) arguing that Plaintiff failed to exhaust his administrative remedies before bringing suit. Specifically, Defendants Butler, Godinez, Walls, Allsup, and Oakley argue that Plaintiff failed to include complaints of any of these defendants in his March 6th and March 9th grievances, and all Defendants argue that that Plaintiff's appeal to the ARB was untimely.

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' motions on October 26, 2016. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 64). Objections to the Report and Recommendation were due on or before November 21, 2016. No party has filed an objection.

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then

"accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed the evidence and the Court fully agrees with his findings, analysis, and conclusions with respect to the issue of exhaustion. Plaintiff failed to exhaust his administrative remedies concerning his claims against Defendants Trost, Godinez, Walls, Allsup, and Oakley. He did, however, sufficiently exhaust his deliberate indifference claim against Defendant Butler, as well as his policy and practice claim against Defendant Wexford.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 64) in its entirety, **GRANTS in part and DENIES in part** the Motion for Summary Judgment (Doc. 38) filed by Defendants Allsup, Butler, Godinez, Oakley, and Walls, and **GRANTS in part** and **DENIES in part** the Motion for Summary Judgment (Doc. 41) filed by Defendants Trost and Wexford. The claims against Defendants Trost, Godinez, Walls, Allsup, and Oakley are **DISMISSED without prejudice**. The Clerk's Office is **DIRECTED** to terminate these defendants from this action.

In light of this ruling, the action will proceed as to Count One of Plaintiff's Complaint against Defendants Strow, Butler, and Wexford.

IT IS SO ORDERED.

DATED: March 1, 2017

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**
